IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| LINZI MICHELLE KUEHL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:15-CV-0225 |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION
TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS**

Came for consideration the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner LINZI MICHELLE KUEHL. By her habeas application, petitioner challenges her March 11, 2011 convictions out of the 108th Judicial District Court of Potter County, Texas, for the offenses of possession with intent to deliver a controlled substance and possession with intent to deliver a controlled substance in a drug free zone, and the 5-year and 13-year sentences assessed for those convictions, respectively. *See State v. Kuehl*, No. 61,602-E and 61,750-E.

I.
BACKGROUND

On November 24, 2010, petitioner was charged by indictment with the first degree felony

offense of possession with the intent to deliver a controlled substance in a drug free zone, said offense alleged to have been committed on April 13, 2010.  On March 2, 2011, petitioner was charged by indictment with the second degree felony offense of possession with the intent to deliver a controlled substance, said offense alleged to have been committed on February 2, 2010.  On March 11, 2011, petitioner pled guilty to the charged offenses and the state trial court, pursuant to a plea bargain agreement, sentenced petitioner to:  (1) a 13-year term of imprisonment for the possession with intent to deliver in a drug free zone offense, said sentence to run consecutively to and after the completion of a 3-year sentence assessed for a prior forgery conviction;[1] and (2) a 5-year term of imprisonment for the possession with intent to deliver offense, said sentence to run consecutive to the 13-year sentence, but permitted to run concurrently with the 3-year sentence for forgery.  Petitioner did not directly appeal her convictions or sentences.

## II.
## PETITIONER'S ALLEGATIONS

Petitioner contends she is being held in violation of the Constitution and laws of the United States because:

> Petitioner was denied equal protection because her sentences were ordered to run consecutively rather than concurrently.

## III.
## TIME BAR

Although it appears petitioner's 2011 conviction "became final over one year" before the

---

[1] *See State v. Kuehl*, No. 57,262-E.  It appears petitioner had multiple 3-year sentences to complete in multiple cause numbers, presumably upon revocation of her parole in those cases.

filing of his federal habeas petition, petitioner did not attempt to "explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar [her] petition" as instructed by Question 26 on page 9 of the habeas corpus petition form.

On September 9, 2015, respondent filed a preliminary response to petitioner's federal habeas application asserting the application should be dismissed as time barred. In that response, respondent fully and accurately briefed statutory and case law regarding the statute of limitations in federal habeas corpus cases, as well as the application of statutory and equitable tolling of the limitation period in federal habeas corpus proceedings. Respondent also fully and accurately set forth relevant dates in this case, and analyzed the timeliness of petitioner's habeas application. As of this date, petitioner has not filed a reply to respondent's initial response.

The undersigned makes the following findings:

1. Petitioner's judgment of conviction was entered **March 11, 2011**;

2. Petitioner did not file a direct appeal of her conviction. Therefore, petitioner's conviction became final on **April 11, 2011**, when her time to file an appeal of his conviction and sentence expired.[2]

3. Petitioner's federal habeas corpus petition was thus due on or before **April 11, 2012**, unless statutorily or equitably tolled.

4. Petitioner's first state habeas application, filed with the assistance of counsel on **June 10, 2014** and denied without written order on **August 20, 2014**, was filed <u>after</u> the expiration of the federal limitation period and did not statutorily toll the statute of limitations.

5. Petitioner has not shown she was actively misled by the State, or that she diligently pursued federal habeas corpus relief. Petitioner has not demonstrated she is entitled to equitable tolling of the limitation period.

---

[2]Petitioner's notice of appeal was due to be filed within 30 days after sentence was imposed in open court. *See* Tex. R. App. Proc. 26.2. The 30th day, however, fell on April 10, 2011, a Sunday. Therefore, the filing period was extended to Monday, April 11, 2011. *See* Tex. R. App. Proc. 4.1(a).

    6.     Petitioner's claims do not concern a constitutional right recognized by the United States Supreme Court within the last year and made retroactive to cases on collateral review.

    7.     The record does not reflect any unconstitutional "State action" impeded petitioner from filing for federal habeas corpus relief prior to the end of the limitation period.

    8.     Petitioner's claims are not of such a nature that petitioner was unable to exercise due diligence and discover the claims at an earlier date.

    9.     Petitioner's federal habeas corpus application, treated as filed on **June 29, 2015** when it was placed in the prison mailing system, was filed after the expiration of the federal statute of limitations and is time barred.

    10.    Petitioner has not asserted she is actually innocent of committing the offense of which she was convicted, nor has she demonstrated actual innocence, as a basis for overcoming the federal limitations bar.

Therefore, for the reasons set forth by respondent and based on the above findings of the court, it is the opinion of the undersigned United States Magistrate Judge that petitioner's application for a writ of habeas corpus be DISMISSED as time-barred.

## IV.
## RECOMMENDATION

For the reasons set forth in respondent's Preliminary Response filed September 9, 2015 [Document #9], it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner LINZI MICHELLE KUEHL be DISMISSED.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and

Recommendation to each party by the most efficient means available.

    IT IS SO RECOMMENDED.

    ENTERED this   3rd   day of November 2015.

*[signature]*
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

    Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

    Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).